## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-11440 |
| | ) | |
| CLEAN HARBORS OF BRAINTREE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

### COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq.,* and the Emergency Planning and Community Right to Know Act ("EPCRA"), 42 U.S.C. § 11001, *et seq.,* to obtain injunctive relief and civil penalties for violations of each of those statutes, as well as their implementing permits and regulations.

### JURISDICTION AND VENUE

2.     Jurisdiction is vested in this Court pursuant to Section 3008(a)(1) and (g) of RCRA, 42 U.S.C. § 6928(a)(1) and (g), Section 325(c)(4) of EPCRA, 42 U.S.C. § 11045(c)(4), and 28 U.S.C. §§ 1331, 1345, and 1355.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and

1395(a), and 42 U.S.C. §§ 6928(a) and (g) and 11045(b)(3), because the violations alleged

herein occurred within this District.

4.      Authority to bring this action is vested in the United States Department of Justice

pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), Section 325(c)(4) of EPCRA, 42

U.S.C. § 11045(c)(4), and 28 U.S.C. §§ 516 and 519.

## DEFENDANT

5.      Defendant Clean Harbors of Braintree, Inc. ("Defendant") is, and at all times

relevant to this action has been, a corporation organized and existing under the laws of the

Commonwealth of Massachusetts and doing business in Massachusetts.

6.      This action pertains to the facility located at 1 Hill Avenue in Braintree,

Massachusetts ("Facility").  At all times relevant to this action, Defendant has owned and

operated the Facility.

7.      At all times relevant to this action, the Facility employed more than 10 full-time

employees.

8.      At all times relevant to this action, the Facility's Standard Industrial Code ("SIC")

was 4953.

9.      Defendant is, and at all times relevant to this action has been, a "person" within

the meaning of Section 1004(15) of RCRA, 42 U.S.C. § 6903(15), and Section 329(7) of

EPCRA, 42 U.S.C. § 11047(7).

10.      Defendant is, and at all times relevant to this action has been, an "owner" and/or

"operator" of the Facility within the meaning of 40 C.F.R. § 260.10 and 310 C.M.R. § 30.010.

11.     The Facility is, and at all times relevant to this action has been, a "facility" within the meaning of 40 C.F.R. § 260.10 and Section 329(4) of EPCRA, 42 U.S.C. § 11049(4) and 310 C.M.R. § 30.010.

12.     The Facility is, and at all times relevant to this action has been, used for treating, storing, or disposing of "hazardous waste" within the meaning of Section 1004 of RCRA, 42 U.S.C. § 6903(5), and 40 C.F.R. § 260.10 and 310 C.M.R. § 30.010.

## STATUTORY AND REGULATORY BACKGROUND

13.     RCRA establishes a comprehensive program to be administered by EPA for regulating the generation, transportation, and treatment, storage, and disposal of hazardous waste.

14.     Section 3002 of RCRA, 42 U.S.C. § 6922, and the regulations promulgated thereunder at 40 C.F.R. Part 262, establish standards applicable to generators of hazardous waste.

15.     Section 3004 of RCRA, 42 U.S.C. § 6924, and the regulations promulgated thereunder at 40 C.F.R. Part 264, establish standards applicable to owners and operators of hazardous waste treatment, storage, and disposal ("TSD") facilities.

16.     Subparts BB and CC of 40 C.F.R. Part 264 contain air emission standards applicable to owners and operators of TSD facilities.

17.     Section 3004(d) through (o) of RCRA, 42 U.S.C. § 6924(d)-(o), and the regulations promulgated thereunder at 40 C.F.R. Part 268, establish pre-disposal treatment requirements for land disposal of certain hazardous wastes.

18.     Section 3005 of RCRA, 42 U.S.C. § 6925, and the regulations promulgated thereunder at 40 C.F.R. Part 270, require the owner or operator of a TSD facility to obtain an operating permit.

19.     Pursuant to Section 3006 of RCRA, 42 U.S.C. § 6926, EPA may authorize a state to administer a state hazardous waste program in lieu of the federal program when it deems the state program to be equivalent to the federal program.

20.     EPA has authorized the Commonwealth of Massachusetts to administer its own hazardous waste program.  The federally-authorized Massachusetts regulations are codified in Title 310, Chapter 30 of the Code of Massachusetts Regulations ("C.M.R."), 310 C.M.R. §§ 30.001, *et seq*.

21.     Pursuant to 310 C.M.R. § 30.801, the Facility operates under Hazardous Waste License 5B ("Permit"), issued on or about January 13, 1999 by the Massachusetts Department of Environmental Protection ("MADEP").

22.     Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), authorizes the United States to commence a civil action in United States District Court to seek appropriate relief, including a temporary or permanent injunction, in the event of a violation of RCRA, the regulations promulgated thereunder, the requirements of a federally-approved state hazardous waste program, including the Massachusetts program and the regulations promulgated at 310 C.M.R. Chapter 30, and any permit issued pursuant to a federally-approved state hazardous waste program, including the Permit.  Section 3008(g) of RCRA, 42 U.S.C. § 6928(g), imposes a civil penalty for each such violation.

23. Pursuant to Section 311(a) of EPCRA, 42 U.S.C. § 11021(a), the owner or operator of any facility that is required to prepare or to have available a material safety data sheet ("MSDS") for a hazardous chemical in accordance with the Occupational Safety and Health Act ("OSHA") and its implementing regulations must submit to the appropriate local emergency planning committee, state emergency planning committee, and fire department, for those chemicals present at the facility in quantities equal to or greater than the minimum threshold level set by EPA pursuant to 40 C.F.R. § 370.10, a copy of the MSDSs for such chemicals or a list of all such chemicals.

24. Pursuant to Section 312(a) of EPCRA, 42 U.S.C. § 11022(a), the owner or operator of any facility that is required to prepare or to have available a MSDS for a hazardous chemical in accordance with the OSHA and its implementing regulations must prepare and submit annually, to the appropriate local emergency planning committee, state emergency planning committee, and fire department, for each such chemical present at the facility in an amount equal to or greater than the minimum threshold level set by EPA for such chemical, pursuant to 40 C.F.R. § 370.10, an emergency and hazardous chemical inventory form.

25. Pursuant to Section 313(a) of EPCRA, 42 U.S.C. § 11023(a), and 40 C.F.R. § 372.22, the owner or operator of any facility that 1) has 10 or more full-time employees, 2) is in SIC codes 20 through 39 or one of the codes specified in 40 C.F.R. § 372.23(a), which includes code 4953, and 3) manufactured, processed, or otherwise used a toxic chemical listed under Section 313(c) of EPCRA, 42 U.S.C. § 11023(c), and 40 C.F.R. § 372.65 in excess of the threshold quantity established under Section 313(f) of EPCRA, 42 U.S.C. § 11023(f), and 40 C.F.R. § 372.25 during the preceding calendar year, is required to submit annually to EPA and

the state in which the subject facility is located a Toxic Chemical Release Inventory ("TRI")

Reporting Form for such chemical.

      26.     Section 325(c) of EPCRA, 42 U.S.C. § 11023(c), authorizes the United States to

commence a civil action in United States District Court to seek a civil penalty for any violation

of Sections 311, 312, or 313 of EPCRA, 42 U.S.C. §§ 11021-23.

## FACTS

      27.     The Facility is a hazardous waste TSD facility that performs hazardous materials

management and disposal services.

      28.     The Facility is engaged primarily in drummed and bulk waste processing and

consolidation, transformer decommissioning, storage and processing of polychlorinated

biphenyls ("PCBs"), blending of waste used as supplemental fuel by cement kilns or industrial

furnaces, and pretreatment of waste to stabilize it before it is sent to permitted landfills.

      29.     On or about June, 2007 and/or September, 2008, a team of inspectors from EPA

and/or MADEP conducted an inspection of the Facility.  During the inspection, the EPA and/or

MADEP inspectors discovered numerous violations of RCRA and EPCRA, as well as federal

and state regulations and the Permit.  At the time of the inspection, the Facility had several

container and tank storage areas for hazardous waste storage, including, but not limited to, the

following:

           a.     Building #4, in which ignitable, corrosive, toxic, and RCRA-listed

hazardous waste was stored;

           b.     Building #6, in which PCBs and ignitable, corrosive, toxic, and RCRA-

listed hazardous waste was stored, and which contained 1) eight tanks that formerly stored

halogenated solvents, still bottoms, and residues, and 2) four tanks storing PCB liquids; and

      c.      the Diked Area and Tank Farm, in which toxic and RCRA-listed hazardous waste was stored, and which contained 20 storage tanks containing mixed organic waste, toxic waste, and aqueous listed waste, including tanks designated A1, A2, A3, A4, A5, A6, A7, A8, A9, A10, A11, B1, B2, B3, B4, B5, B6, B7, B8, and B9.

## FIRST CLAIM FOR RELIEF
### (RCRA: Failure to Make Hazardous Waste Determinations - Waste Generated at Facility)

30.      Paragraphs 1 through 29 are incorporated herein by reference.

31.      On one or more occasions, Defendant violated 40 C.F.R. § 268.7(a), 310 C.M.R. 30.302, 40 C.F.R. § 264.1083 or § 265.1084, and Hazardous Waste License 5B, Section A.1, by failing to conduct adequate hazardous waste determinations with respect to hazardous waste generated at the Facility, including, but not limited to, the following hazardous waste at the Facility on or about June 25-29, 2007:

      a.      in the Laboratory's satellite accumulation area #3, under fume hood #3, hazardous waste samples in one one-liter amber glass container labeled "Hazardous Waste, corrosive, ignitable, sulfuric acid and hexane";

      b.      in the Laboratory's satellite accumulation area #6, under fume hood #6, one 5-gallon can labeled "Hazardous Waste, corrosive, ignitable, sulfuric acid and hexane";

      c.      on wooden shelves under a fume hood in the Laboratory, hazardous waste samples in 30 one-pint containers and 55 200-milliliter ("ml") containers in secondary containment trays;

      d.      in a cabinet labeled "FS#2" under a work bench in the Laboratory's satellite accumulation area, hazardous waste samples in a satellite accumulation container

labeled "Hazardous Waste, ignitable, toxic, hexane and PCBs";

    e.    in the satellite accumulation area in the Laboratory's ICP room, various liquid hazardous wastes in one 20-gallon metal container labeled "Hazardous Waste, corrosive, hydrochloric acid and nitric acid" also containing used personal protection equipment;

    f.    approximately 5,000 gallons of alkaline wastewater in Tank B3;

    g.    approximately 2,377 gallons of an oil/water mixture in Tank B5;

    h.    approximately 5,000 gallons of alkaline wastewater in Tank B7; and

    i.    hazardous waste from the one-liter amber glass container in the Laboratory's satellite accumulation area #3, under fume hood #3, in one 55-gallon drum labeled "Hazardous Waste, ignitable, acetone, oil, lab pour off" located in the hazardous waste storage area in the flammables warehouse.

    32.    Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

    33.    Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## SECOND CLAIM FOR RELIEF
### (RCRA: Failure to Make Hazardous Waste Determinations - Waste Received at Facility)

    34.    Paragraphs 1 through 33 are incorporated herein by reference.

    35.    On one or more occasions, Defendant violated 40 C.F.R. § 268.7(b), 310 C.M.R. 30.513, 40 C.F.R. § 264.1083 or § 265.1084, and Hazardous Waste License 5B, Section A.1, by failing to conduct adequate hazardous waste determinations with respect to hazardous waste

received by the Facility, including, but not limited to, the following hazardous waste at the Facility on or about June 25-29, 2007:

        a.     on truck 56V, methylene chloride waste in 11 drums received at the Facility for a truck-to-truck transfer;

        b.     at the Building #4 loading dock, paint, chrome, rust, aluminum oxide, grease, dirt, chromium, lead, and nickel in one 5-gallon metal bucket with a non-hazardous waste label;

        c.     liquid and sludge waste pumped out of truck # 4151 for solidification;

        d.     hazardous waste in roll-off container # 13526820 in the Tank Farm parking area;

        f.     in the Building #4 flammable storage area, i) hazardous waste in one 55-gallon container labeled as non-regulated isopropanol, but containing selenium and with a flash point of 59, ii) hazardous waste in one 55-gallon container labeled "paint squish paint, ignitable," but containing carbon tetrachloride and chromium, iii) hazardous waste in one 55-gallon container labeled as waste paint related material, but containing barium, chromium, and lead, iv) hazardous waste in one 55-gallon container labeled as waste paint, but containing selenium, and v) hazardous waste in one 55-gallon container labeled as paint squish paint, but containing chromium.

     36.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

     37.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth

in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

### THIRD CLAIM FOR RELIEF
**(RCRA: Storing Hazardous Waste in Non-Certified Tanks and/or Tanks in Poor Condition)**

38.     Paragraphs 1 through 37 are incorporated herein by reference.

39.     On one or more occasions, Defendant violated 310 C.M.R. 30.697 and Hazardous Waste License 5B, Attachment XIII, Section D-2 (3.1), by storing hazardous waste in tanks not properly certified and/or in poor condition, and by failing to minimize the potential for the release of such hazardous waste, including, but not limited to, the following hazardous waste at the Facility on or about June 25-29, 2007:

   a.     approximately 50 gallons of liquid hazardous waste in Tank A1;

   b.     the contents of Tank A11 resulting in organic air emissions of approximately 6,000 parts-per-million ("ppm") at the conservation vent, 2,000 ppm at the emergency vent, and 10,000 ppm at the weld where valve 0507 was attached to the tank;

   c.     approximately 114 gallons of liquid hazardous waste in Tank B1;

   d.     approximately 5,000 gallons of liquid hazardous waste in Tank B3; and

   e.     approximately 5,000 gallons of liquid hazardous waste in Tank B7.

40.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

41.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to

-10-

exceed $32,500 per day for each violation.

**FOURTH CLAIM FOR RELIEF**
**(RCRA: Failure to Comply With Hazardous Waste Tank Closure Requirements)**

42.     Paragraphs 1 through 41 are incorporated herein by reference.

43.     On one or more occasions, Defendant violated 310 C.M.R. 30.583(3)(c) and Hazardous Waste License 5B, Section D(6), by failing to comply with tank closure requirements for storage tanks, including, but not limited to, Tanks A3, A5, A10, A11, and B7 as of June 25-29, 2007 or thereabouts.

44.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

45.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

**FIFTH CLAIM FOR RELIEF**
**(RCRA:  Storing Hazardous Waste in Tanks With Inadequate Level Indicators)**

46.     Paragraphs 1 through 45 are incorporated herein by reference.

47.     On one or more occasions, Defendant violated 310 C.M.R. 30.695(2) and Hazardous Waste License 5B, Attachment XIII, Section D-2, 3.2(8), by storing hazardous waste in tanks with inoperable and/or inaccurate level indicators and high level alarms, including, but not limited to, hazardous waste stored in Tanks A3, A4, A5, A7, A11, B2, B4, B5, B6, and B9 on or about June 25-29, 2007.

48.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

49.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## SIXTH CLAIM FOR RELIEF
### (RCRA: Storing Hazardous Waste in Containers with Inadequate Secondary Containment)

50.     Paragraphs 1 through 49 are incorporated herein by reference.

51.     On one or more occasions, Defendant violated 310 C.M.R. 30.694(5)(b)(4) and 30.687(1)-(3) and Hazardous Waste License 5B, Attachment V, Section 3.1 (tanks) and 4.2 (containers), by storing hazardous waste in containers and tanks with inadequate secondary containment, including, but not limited to, hazardous waste stored in the following areas on or about June 25-29, 2007:

    a.      four areas within the Tank Farm;

    b.      the hazardous and non-hazardous waste solids management areas within the Diked Area;

    c.      two hazardous waste storage areas in Buildings #4; and

    d.      a hazardous waste storage area in Building #6.

52.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

53.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## SEVENTH CLAIM FOR RELIEF
### (RCRA: Failure to Separate Incompatible Hazardous Wastes)

54.     Paragraphs 1 through 53 are incorporated herein by reference.

55.     On one or more occasions, Defendant violated 310 C.M.R. 30.560(3) and Hazardous Waste License 5B, Section B(2)(A), Attachment II, Sections C(8) and D(1), Attachment X1, Figure D1, by failing to separate incompatible hazardous wastes, including, but not limited to, the following hazardous wastes on or about June 25-29, 2007:

        a.      drums containing acidic, alkaline, and ignitable organic hazardous wastes stored in the flammable waste area of Building #4 in close proximity to one another without adequate segregation, including, but not limited to, i) one 30-gallon drum of corrosive hazardous waste located adjacent to one 55-gallon drum of acetone waste, ii) three 55-gallon drums of corrosive hazardous waste stored on the same pallet, iii) two 5-gallon containers of flammable hazardous waste and one 5-gallon container of corrosive hazardous waste stored on the same pallet, iv) one 20-gallon container and one 5-gallon container of corrosive hazardous waste stored on the same pallet as several 55-gallon drums of ignitable hazardous waste, v) one 5-gallon container of corrosive hazardous waste stored on the same pallet as one 55-gallon drum, one 15-gallon container, and one 5-gallon container of flammable hazardous waste, vi) one 5-gallon container of corrosive hazardous waste, and vii) one 20-gallon container of corrosive hazardous waste surrounded by several 55-gallon drums of ignitable hazardous waste;

b.      in the same area on the Building #6 loading dock, three 55-gallon drums of waste sodium hydroxide, one 55-gallon drum of ammonia biflouride, one 5-gallon container of acid waste, one 55-gallon container of corrosive hazardous waste, and various containers of i) printing ink hazardous waste, ii) methyl alcohol, n-propyl alcohol, acetate, and propyl acetate, iii) sodium hydroxide, iv) ammonium bifluoride, v) potassium hydroxide and sodium hydroxide, vi) dichloromethane, and vii) toluene; and

c.      in other areas of the Building #6 loading dock, i) one 16-gallon container of white oxidizing solids located adjacent to one 16-gallon container of flammable aerosols, and ii) waste oxygen canisters located adjacent to containers of flammable waste, including xylenes and flammable waste aerosols.

56.      Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

57.      Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

**EIGHTH CLAIM FOR RELIEF**
**(RCRA: Storing Hazardous Waste Containers in Tank Farm)**

58.      Paragraphs 1 through 57 are incorporated herein by reference.

59.      On one or more occasions, Defendant violated Hazardous Waste License 5B, Attachment XI, Section D-1, and Section B, Specific License Conditions, Sections 2A and 3A, by storing hazardous waste containers in the Tank Farm area, including, but not limited to, containers stored in that area on or about September 16-17, 2008.

60.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

61.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## NINTH CLAIM FOR RELIEF
### (RCRA: Failure to Label Hazardous Waste Containers Properly)

62.     Paragraphs 1 through 61 are incorporated herein by reference.

63.     On one or more occasions, Defendant violated 310 C.M.R. 30.682 and 30.695(3) and Hazardous Waste License 5B, Attachment IV, Section C(2), Section D(3), and Section B(2)(A), by failing to label properly containers and tanks of hazardous waste, including, but not limited to, the following containers and tanks at the Facility on or about June 25-29, 2007:

a.     Tanks B4, B5, and B6, which were labeled "Hazardous Waste Acid Corrosive" but contained alkaline waste;

b.     a 25-yard roll-off container in the Tank Farm truck parking area that was labeled as hazardous waste, profile CH242283B, but had a hazardous constituent label marked "none";

c.     one 55-gallon drum in the Building #4 flammable waste storage area that had two hazardous waste labels – one undated that listed the waste codes F003 and F005, and one dated 6/7/07 that listed the waste codes D001, F003, and F005 – neither of which described the contents of the drum;

   d.      one 55-gallon container in the Building #4 flammable waste storage area
that had a hazardous waste label marked as "p listed waste," but that had no description of the
contents of the container;

   e.      one 40-yard dumpster in the roll-off storage area that had a hazardous
waste label with no additional information;

   f.      one 5-gallon bucket in the Laboratory that was marked "Hazardous Waste,
toxic, PCB" but which also contained hexane waste;

   g.      in the Laboratory, numerous pint-sized sample jars of hazardous waste in
three gray secondary containment trays, two of which were marked only with labels that said
"Hazardous Waste, ignitable, toxic, acetone, oil, outgoing," and one of which was not marked;

   h.      in the Laboratory, numerous pint-sized sample jars and three one-gallon
containers of hazardous waste in eight secondary containment trays, four of which were marked
only with labels that said "Hazardous Waste, ignitable, toxic, acetone, oil," and four of which
were not marked;

   i.      in the Laboratory, numerous pint-sized sample jars in four secondary
containment trays that were not marked;

   j.      in the Laboratory, numerous pint-sized sample jars in one secondary
containment tray that was marked only with a label that said "Hazardous Waste, ignitable, toxic,
acetone, oil,";

   k.      two 55-gallon drums in the Building #4 aqueous acid room with obscured
hazardous waste labels;

l.      one 55-gallon drum on the Building #4 loading dock that contained hazardous waste from numerous hazardous waste samples but that was labeled as only "hazardous waste, ignitable and toxic, acetone/alcohol"; and

m.      in the Building #6 universal waste storage area, numerous containers of universal waste that were labeled as non-hazardous waste and/or that were not labeled as universal waste.

64.      Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

65.      Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## TENTH CLAIM FOR RELIEF
### (RCRA: Failure to Label Hazardous Waste Containers with Accumulation Date)

66.      Paragraphs 1 through 65 are incorporated herein by reference.

67.      On one or more occasions, Defendant violated 310 C.M.R. 30.341(2)(d) and Hazardous Waste License 5B, Attachment IV, Section C(2), by failing to label hazardous waste containers with the accumulation date, including, but not limited to, the following containers at the Facility on or about June 25-29, 2007:

a.      two 55-gallon containers with tracking numbers 13511048 and 3530118 in the Building #4 aqueous acid room;

b.      two 25-yard roll-off containers numbered 13512142 and 13356750 in the Tank Farm truck parking area; and

   c.  one 25-yard dumpster numbered 13566483 and one 40-yard dumpster in the roll-off storage area.

  68.  Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

  69.  Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## ELEVENTH CLAIM FOR RELIEF
### (RCRA: Failure to Ensure Hazardous Waste Containers Not Leaking)

  70.  Paragraphs 1 through 69 are incorporated herein by reference.

  71.  On one or more occasions, Defendant violated 310 C.M.R. 30.683 and Hazardous Waste License 5B, Attachment IV, Section C(3), by failing to ensure that containers of hazardous waste were not leaking, including, but not limited to, a one-yard tote inside the yard van at the Building #4 loading dock on or about June 25-29, 2007.

  72.  Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

  73.  Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

**TWELFTH CLAIM FOR RELIEF**
**(RCRA: Failure to Keep Hazardous Waste Containers Closed)**

74.     Paragraphs 1 through 73 are incorporated herein by reference.

75.     On one or more occasions, Defendant violated Hazardous Waste License 5B,

Section C(1), by failing to ensure that hazardous waste containers remained closed and sealed

unless waste was being actively added to or removed from the container, including, but not

limited to, a 55-gallon container with an open funnel in the bung located at the Facility on or

about June 25-29, 2007 in the "Hazardous Waste Accumulation Area" between the paint

squishing and drum compaction area and the Building #4 flammable waste room.

76.     Unless restrained by an order of the Court, the violations alleged in this Claim for

Relief will continue and/or repeat.

77.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and

19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth

in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to

exceed $32,500 per day for each violation.

**THIRTEENTH CLAIM FOR RELIEF**
**(RCRA: Failing to Manage Hazardous Waste in Manner to Minimize Release)**

78.     Paragraphs 1 through 77 are incorporated herein by reference.

79.     On one or more occasions, Defendant violated 310 C.M.R. 30.524(1) by failing to

manage hazardous waste in a way that minimized the potential for a release, including, but

limited to, the following hazardous waste at the Facility on or about June 25-29, 2007:

        a.     hazardous waste in the paint squishing area, which was coated with dried

paints, including paint with chromium;

b.      hazardous waste in containers in Building #6 stacked and leaning at an unstable angle; and

c.      in the Laboratory, 1) hazardous waste in pint-sized sample containers in three gray secondary containment trays on a bench near fume hood #6, 2) hazardous waste in pint-sized sample containers in eight secondary containment trays in refrigerator #2 in the sample drop-off or retain room, 3) hazardous waste in pint-sized sample containers in four secondary containment trays in refrigerator #3 in the sample drop-off or retain room, 4) hazardous waste in pint-sized sample containers in one secondary containment tray in refrigerator #4 in the sample drop-off or retain room, and 5) hazardous waste tested for ignitability by pouring a portion of the waste into an open aluminum tray and holding a match close to the surface of the waste.

80.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

81.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

### FOURTEENTH CLAIM FOR RELIEF
### (RCRA: Failure to Prevent Hazardous Waste Accumulation in Floor Sump)

82.     Paragraphs 1 through 81 are incorporated herein by reference.

83.     On one or more occasions, including, but not limited to, on or about June 25-29, 2007, Defendant violated Hazardous Waste License 5B, Attachment XIII, Section D.2, 4.4(7), by failing to prevent the accumulation of hazardous waste in the floor sump in the Diked Area of the

Tank Farm.

84.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

85.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## FIFTEENTH CLAIM FOR RELIEF
### (RCRA: Storing Hazardous Waste Designated for Truck-to-Truck Transfer)

86.     Paragraphs 1 through 85 are incorporated herein by reference.

87.     On one or more occasions, Defendant violated Hazardous Waste License 5B, Attachment XVI, Section Q, by storing hazardous waste destined for a truck-to-truck transfer, including, but not limited to, hazardous waste stored on the Building #6 loading dock on or about June 25-29, 2007.

88.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

89.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## SIXTEENTH CLAIM FOR RELIEF
### (RCRA: Failure to Use Proper Sampling Equipment)

90.     Paragraphs 1 through 89 are incorporated herein by reference.

91.     On one or more occasions, Defendant violated Hazardous Waste License 5B, Attachment II, Section C-2b(2), by failing to use proper sampling equipment, including, but not limited to, improper equipment used to collect hazardous waste samples from tanker truck #4151 on or about June 25-29, 2007.

92.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

93.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## SEVENTEENTH CLAIM FOR RELIEF
### (RCRA: Failure to Follow Proper Hazardous Waste Stabilization Procedures)

94.     Paragraphs 1 through 93 are incorporated herein by reference.

95.     On one or more occasions, Defendant violated Hazardous Waste License 5B, Attachment XVII, Section R and Attachment F, by failing to follow established license procedures for hazardous waste stabilization, including, but not limited to, the stabilization of lead-contaminated solid/sludge wastes at the Facility.

96.     Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

97.     Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and

19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth

in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to

exceed $32,500 per day for each violation.

## EIGHTEENTH CLAIM FOR RELIEF
### (RCRA: Failure to Take Samples During Hazardous Waste Stabilization)

98.     Paragraphs 1 through 97 are incorporated herein by reference.

99.     On one or more occasions, Defendant violated 40 C.F.R. §§ 268.7(a) and

268.40(b), and Hazardous Waste License 5B, Attachment XVII, Section R, Appendix R-1,

Section E(4), by failing to take grab samples during the hazardous waste stabilization process,

including, but not limited to, during the stabilization of lead-contaminated solid/sludge wastes at

the Facility.

100.    Unless restrained by an order of the Court, the violations alleged in this Claim for

Relief will continue and/or repeat.

101.    Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and

19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth

in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to

exceed $32,500 per day for each violation.

## NINETEENTH CLAIM FOR RELIEF
### (RCRA: Failing to Document Required Information in Inspection Logs)

102.    Paragraphs 1 through 101 are incorporated herein by reference.

103.    On one or more occasions, Defendant violated 310 C.M.R. 30.515(1)(c) and

Hazardous Waste License 5B, Attachment IV, Section F-2 and Section K, by failing to document

in the Facility's inspection logs for every inspection a) the inspector's signature, and b) the condition of inspected equipment, including, but not limited to, the following conditions existing on or about June 25-29, 2007 and/or on or about September 16-17, 2008:  the coating for the secondary containment area for the steel tanks in the Tank Farm was cracked and chipped; the base plates of the steel tanks in the Tank Farm were exposed and were not flush with the floor; the bottom edges and seams of the steel tanks in the Tank Farm were exposed and showed signs of corrosion; the steel tanks in the Tank Farm were stained, indicating potential past releases; piping and valves in the Tank Farm were corroded; equipment in the Tank Farm was rusting and deteriorated; secondary containment systems throughout the Facility were deteriorated; and there were holes in the Facility's perimeter fence.

104.    Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

105.    Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## TWENTIETH CLAIM FOR RELIEF
### (RCRA: Failure to Ensure No Detectable Emissions from Tanks)

106.    Paragraphs 1 through 105 are incorporated herein by reference.

107.    On one or more occasions, Defendant violated 40 C.F.R. §§ 264.1084 and 264.1088, or 265.1085 and 265.1089, by failing to ensure that the Facility's tank system openings operated with no detectable emissions.  Detectable emissions from the Facility's tank system included, but were not limited to, the following emissions on or about June 25-29, 2007:

       a.      from Tank A1, organic air emissions of approximately 85 ppm from the emergency vent and approximately 506 ppm from the tank measurement flange;

       b.      from Tank A2, organic air emissions of greater than 10,000 ppm from the conservation vent, approximately 1,250 ppm from the emergency vent, and approximately 85 ppm from the tank volume meter flange;

       c.      from Tank A4, organic air emissions of approximately 18,000 ppm from the inventory flange and greater than 10,000 ppm from the large emergency vent;

       d.      from Tank A6, organic air emissions of approximately 150 ppm from the conservation vent, approximately 800 ppm from the emergency vent, and approximately 600 ppm from the tank volume meter flange;

       e.      from Tank A9, organic air emissions of approximately 2,300 ppm from the emergency vent and approximately 13,000 ppm from the conservation vent;

       f.      from Tank A11, organic air emissions of approximately 6,000 ppm from the conservation vent, approximately 2,000 ppm from the emergency vent, and greater than 10,000 from the weld where valve 0507 attached to the tank;

       g.      from Tank B3, organic air emissions of approximately 2,200 ppm from the top hatch;

       h.      from Tank B5, organic air emissions of approximately 542 ppm from the flange; and

       i.      from Tank B7, organic air emissions of approximately 4,000 ppm from the small manhole.

108.    Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

109.    Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## TWENTY-FIRST CLAIM FOR RELIEF
### (RCRA: Failure to Comply with Tank Equipment Air Emission Standards)

110.    Paragraphs 1 through 109 are incorporated herein by reference.

111.    On one or more occasions, Defendant violated 40 C.F.R. Part 265, Subpart BB, by failing to comply with air emission standards for equipment associated with hazardous waste tanks storing in excess of 10% VOCs, including, but not limited to, for equipment associated with Tanks B3 and B5, which contained hazardous waste with greater than 10% VOCs on or about June 25-29, 2007, failing to 1) monitor pumps, in accordance with 40 C.F.R. § 264.1052 or 265.1052, 2) monitor valves, in accordance with 40 C.F.R. § 264.1057 or 265.1057, and 3) follow the test methods and procedures required by 40 C.F.R. § 264.1063 or 265.1063.

112.    Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

113.    Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## TWENTY-SECOND CLAIM FOR RELIEF
### (RCRA: Failure to Cap Hoses)

114.    Paragraphs 1 through 112 are incorporated herein by reference.

115.    On one or more occasions, Defendant violated 40 C.F.R. § 264.1056(a)(1) or 265.1056(a)(1) by failing to cap hoses in light liquid service associated with hazardous waste tanks storing in excess of 10% VOCs, including, but not limited to, the hoses connected to the Orange-Line and Green-Line pumps in Building #4 on or about June 25-29, 2007.

116.    Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

117.    Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## TWENTY-THIRD CLAIM FOR RELIEF
### (RCRA: Failure to Comply with Proper Air Monitoring Procedures)

118.    Paragraphs 1 through 117 are incorporated herein by reference.

119.    On one or more occasions, Defendant violated 40 C.F.R. § 264.1083(d) or 265.1084(d) by failing to comply with Method 21 air monitoring requirements, contained in 40 C.F.R. Part 60, Appendix A, including, but not limited to, by using, on or about June 25-29, 2007, a flame ionization detector to monitor tanks operated with a nitrogen gas blanket.

120.    Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

121.    Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and

19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth

in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to

exceed $32,500 per day for each violation.

### TWENTY-FOURTH CLAIM FOR RELIEF
### (RCRA: Export Violations - Failure to Submit Timely Exception Reports)

122.    Paragraphs 1 through 121 are incorporated herein by reference.

123.    On one or more occasions, Defendant violated 40 C.F.R. § 262.55, by failing to

submit timely exception reports to EPA for exported hazardous waste shipments made in 2007

and 2008, including, but not limited to, the following:

      a.   the failure to submit six reports by the applicable 45-day or 90-day deadline;

      c.   the failure to submit exception reports for two shipments returned to the U.S.

generator;

      d.   the failure to submit exception reports for 49 shipments that were transferred

to Canadian facilities that were not listed on the manifest as an authorized alternate facility;

      e.   the failure to submit exception reports for three shipments that were transferred

to another Canadian facility; and

      f.   the failure to submit exception reports for five shipments that were returned to

the U.S. generator.

124.    Unless restrained by an order of the Court, the violations alleged in this Claim for

Relief will continue and/or repeat.

125.    Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and

19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth

in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## TWENTY-FIFTH CLAIM FOR RELIEF
### (RCRA: Export Violation - Failure to Submit Accurate Annual Report)

126.   Paragraphs 1 through 125 are incorporated herein by reference.

127.   On one or more occasions, Defendant violated 40 C.F.R. § 262.56, by failing to accurately report the amount of waste exported in its Annual Report for the period 2007 - 2008 including, without limitation, the following shipments: UN2922, UN1090, UN1193, UN1230, UN1294, UN1307, UN1993, and UN3082.

128.   Unless restrained by an order of the Court, the violations alleged in this Claim for Relief will continue and/or repeat.

129.   Pursuant Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), 40 C.F.R. §§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the violations set forth in this Claim For Relief, Defendant is subject to injunctive relief and a civil penalty not to exceed $32,500 per day for each violation.

## TWENTY-SIXTH CLAIM FOR RELIEF
### (EPCRA: Failure to Make Section 311 Notifications)

130.   Paragraphs 1 through 129 are incorporated herein by reference.

131.   On or about June 27, 2007, hazardous substances for which Defendant was required to prepare or to have available MSDSs in accordance with OSHA and its implementing regulations, including, but not limited to, sulfuric acid, oil, and sand/river sediments, were present at the Facility in quantities equal to or greater than the minimum threshold level set by EPA for such substances pursuant to 40 C.F.R. § 370.10.

132.     On one or more occasions, Defendant violated Section 311(a) of EPCRA, 42

U.S.C. § 11021(a), by failing to submit to the appropriate local emergency planning committee,

the emergency planning committee for the Commonwealth of Massachusetts, and the appropriate

fire department, for the substances described in the preceding Paragraph, a copy of the MSDSs

for such substances or a list of such substances.

133.     Unless restrained by an order of the Court, the violations alleged in this Claim for

Relief will continue and/or repeat.

134.     Pursuant to Section 325(c)(2) of EPCRA, 42 U.S.C. § 11045(c)(2), 40 C.F.R.

§§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the

violations of EPCRA Section 311 alleged in this Claim for Relief, Defendant is subject to a civil

penalty not to exceed $11,000 per day for each violation.

## TWENTY-SEVENTH CLAIM FOR RELIEF
### (EPCRA: Failure to Make Section 312 Notifications)

135.     Paragraphs 1 through 134 are incorporated herein by reference.

136.     On one or more occasions, Defendant violated Section 312(a) of EPCRA, 42

U.S.C. § 11022(a), by failing to prepare and submit to the appropriate local emergency planning

committee, the emergency planning committee for the Commonwealth of Massachusetts, and the

appropriate fire department an annual emergency and hazardous chemical inventory form for the

substances described in Paragraph 131.

137.     Unless restrained by an order of the Court, the violations alleged in this Claim for

Relief will continue and/or repeat.

138.    Pursuant to Section 325(c)(1) of EPCRA, 42 U.S.C. § 11045(c)(1), 40 C.F.R.

§§ 19.2 and 19.4 - Table (1997), and 69 Fed. Reg. 7121-27 (Feb 13, 2004), for each of the

violations of EPCRA Section 312 alleged in this Claim for Relief, Defendant is subject to a civil

penalty not to exceed $32,500 per day for each violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that

this Court grant the following relief:

1.    Permanently enjoin Defendant from further violations of the Resource

Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.,* and the Emergency Planning and

Community Right to Know Act, 42 U.S.C. § 11001, *et seq.*, and their implementing regulations

and permits;

2.    Order Defendant promptly to take all steps necessary or appropriate to comply

with the foregoing laws, regulations, and permits;

3.    Assess a civil penalty against Defendant; and

4.    Award such other relief as this Court may deem just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.20530

DONALD G. FRANKEL
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
One Gateway Center
Suite 616
Newton, MA 02458
617-450-0442


CARMEN M. ORTIZ
United States Attorney for the
District of Massachusetts

GEORGE B. HENDERSON, II
Assistant United States Attorney
United States Attorney's Office
U.S. Courthouse
One Courthouse Way
Suite 9200
Boston, MA 02210


OF COUNSEL:

ANDREA SIMPSON
Senior Enforcement Counsel
U.S. Environmental Protection Agency
Region I
Five Post Office Square, Suite 100
Mailcode OES04-2
Boston, Massachusetts 02109-3912